COMMONWEALTH *vs.* GARY SWANSON. February 8, 1977. 1. The defendant's motion for a new trial was addressed to the sound discretion of the trial judge, *Commonwealth* v. *Gagne,* 367 Mass. 519, 526 (1975). and cases cited, whose denial thereof was not an abuse of discretion. Indeed, we find no plausible reason why he might have chosen to exercise his discretion the other way. 2. The supplementary charge to the jury closely and correctly followed the language of *Commonwealth* v. *Tuey,* 8 Cush. 1, 2-3 (1851), as modified by *Commonwealth* v. *Rodriquez,* 364 Mass. 87, 97-98 (1973). 3. The contention that the defendant was denied the effective assistance of counsel is without merit. An examination of the transcript demonstrates that trial counsel for the defendant represented him with ability and effectiveness at every stage of the trial. Counsel's inability to get the witness Desrochers to acknowledge that he had told the defendant that he, Desrochers, had perpetrated the crimes with which the defendant was charged was not for want of trying; it is quite clear from the transcript that Desrochers was unwilling to volunteer any such testimony, particularly after the judge properly advised him of his right to refuse to give testimony incriminating himself. The defendant's further contentions that counsel discouraged him from taking a lie detector test and from taking the stand in his own defense, even if credited, do not suggest to us that counsel was acting other than prudently and in the best interests of the defendant.

*Judgments affirmed.*

*Raymond G. Mullen, Jr.,* for the defendant.
*Lance J. Garth,* Assistant District Attorney, for the Commonwealth.