COMMONWEALTH *vs.* LLOYD A. GREENE.

Middlesex.    February 7, 1977. — May 6, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Homicide.  Malice.  Self-Defense.  Practice, Criminal,* Directed verdict.  *Evidence,* Presumptions and burden of proof.

Discussion of the law applicable to the proof which is required in this Commonwealth to establish malice aforethought in a murder case. [518-520]

Evidence at a murder trial that the defendant walked twenty-five feet
away from the victim, turned, and fired three shots at him, pausing
between shots, warranted a finding of malice. [520-522]

INDICTMENT found and returned in the Superior Court
on March 14, 1972.

The case was tried before *Robert Sullivan,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Stephen M. Winnick* for the defendant.

*Roberta Thomas Brown,* Legal Assistant to the District
Attorney, for the Commonwealth.

WILKINS, J.   The defendant challenges his conviction
of murder in the second degree on the ground that the
judge should have granted his motion for a directed ver-
dict on so much of the indictment as charged him with
murder. The defendant presented his motion at the con-
clusion of the prosecution's case in chief, arguing that the
Commonwealth had failed to present evidence which
would warrant the jury in finding beyond a reasonable
doubt that he acted with malice aforethought when he
shot the victim.

We have reviewed the evidence presented in the Com-
monwealth's case in chief and conclude that the evidence
warranted a finding of malice. There was no abuse of dis-
cretion in denying the defendant's motion for a new trial
which, as argued to us, was founded on the same conten-
tion. We conclude that this is not a case in which we should
exercise our power and duty under G. L. c. 278, § 33E, to
direct that a verdict of guilty of manslaughter be entered
in lieu of the verdict of guilty of murder in the second
degree which was found by the jury.

Before analyzing the evidence which warranted a find-
ing of malice on the defendant's part, we discuss the
defendant's contention concerning the law which is ap-
plicable to the proof which is required in this Common-
wealth to establish malice. The defendant argues that the

constitutional requirements imposed by *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), have altered the permissible limits of State law concerning the proof of malice. The *Mullaney* case held that a State may not shift the burden of persuasion to a criminal defendant to show that he acted in the heat of passion on sudden provocation and thereby reduce murder to manslaughter. *Id.* at 703. The *Mullaney* case thus was concerned with the question of the placing of the burden of persuasion; it had nothing to do with the question of what proof must be made in order to overcome a motion for a directed verdict. See *Commonwealth* v. *Gagne*, 367 Mass. 519, 523 n.2 (1975). We have accepted the premise that, when there is some evidence of provocation, the Commonwealth has the burden of proving beyond a reasonable doubt that the defendant did not act in the heat of passion. *Commonwealth* v. *Johnson, ante,* 185, 192 (1977).[1] Cf. *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 687-688 (1976).

The defendant argues that malice may not be proven beyond a reasonable doubt solely by reason of the fact that a defendant used a gun, if there is some evidence which would warrant a finding that the defendant acted on provocation. As will be seen, there was in fact evidence in addition to the defendant's use of a gun which warranted an inference of malice. In such a case "the jury ... [could] view the use of the weapon as giving rise to an inference of malice to be weighed with inferences, negative or positive, on the same topic derived from other evidence; all this leaving the Commonwealth with the burden of establishing beyond a reasonable doubt the essential elements of a murder." *Commonwealth* v. *Johnson, supra* at 192.

---

[1] The Supreme Court of the United States expressly acknowledged (421 U.S. at 701-702 n.28) that its *Mullaney* opinion did not affect those State laws which provide that, until there is some evidence introduced showing that a defendant acted in the heat of passion, the prosecution has no obligation to prove the absence of passion beyond a reasonable doubt.

We do not understand the defendant to argue that, in the absence of evidence of provocation, an inference of malice may not properly be made beyond a reasonable doubt where a person is killed by a gun.

Even if there is no evidence of malice apart from the use of a gun, the right to infer malice which is permissible from the use of a gun does not disappear simply because there is some evidence of mitigating circumstances. *Commonwealth* v. *Gagne*, 367 Mass. 519, 522 (1975). When dealing with the subjective question whether a defendant acted with malice, proof of actual malice, as opposed to proof of facts from which malice may be inferred, is not required to sustain a conviction of murder. It has never been the law of the Commonwealth (see *id.*) that an inference of malice is unwarranted where there is also evidence which would warrant a finding that the defendant acted "... from a sudden transport of passion or heat of blood, upon a reasonable provocation and without malice, or upon sudden combat." *Commonwealth* v. *Soaris*, 275 Mass. 291, 299 (1931), quoted in *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 746 (1975). In the context of a motion for a directed verdict, one must remember that the jury may disbelieve the evidence that the defendant acted with such provocation as would reduce the crime from murder to manslaughter. Certainly, there is no constitutional principle which bars a conviction of a defendant of murder where there is evidence warranting an inference of malice, such as the use of a gun, and also evidence warranting (but not requiring) a finding that the defendant acted with provocation. We turn then to a recitation of the evidence introduced in the Commonwealth's case in chief which warranted the jury in finding that the defendant acted with malice.[2]

The defendant shot the victim in a road in the Jefferson Park housing project in Cambridge in the early morning of January 31, 1972. The defendant and the victim's wife were close friends and had been seeing each other "socially." On the night in question they had met at an apart-

---

[2] Because the motion for a directed verdict was filed at the conclusion of the Commonwealth's case, we must assess the evidence, in its light most favorable to the Commonwealth, as of that moment in the trial. *Commonwealth* v. *Kelley,* 370 Mass. 147, 149-150 (1976).

ment in the housing project occupied by a friend of the victim's wife. The defendant and the victim's wife left the apartment shortly after midnight. The defendant, who worked as a security guard, was carrying a gun. There was a substantial disagreement in the evidence as to what happened next. There was evidence from witnesses in apartments overlooking the scene which justified a finding that there was an argument among the defendant, the victim, and the victim's wife. The defendant then walked away some twenty-five feet, turned, and fired three shots at spaced intervals. The victim's wife drove the defendant away in her car. The defendant told her that he shot when the victim came after him with a gun. The victim died of a gunshot wound to his abdomen. In September of 1972, the victim's wife, who received insurance proceeds on the death of her husband, told the defendant that she was going to marry someone else. The defendant became angry and said, "I did the dirt and now someone else gets everything."[3]

There is little evidence in the Commonwealth's case which shows that the defendant acted in the heat of passion. The victim obviously precipitated the encounter at the housing project, and there was evidence of an argument, but no evidence of what was said. Insults and arguing cannot provide provocation, and, in the absence of evidence of what was said, there can be no basis for concluding that the words spoken by the victim or the victim's wife provided reasonable provocation to support a manslaughter verdict. See *Commonwealth* v. *Bermudez*, 370 Mass. 438, 440-442 (1976). However, there was evidence that the victim came after the defendant with a gun, and, although that evidence normally would relate to a claim of self-defense, we do not discount it as reasonable provoca-

---

[3] The defendant did not deny the shooting when he testified on his own behalf. He testified that he acted in self-defense when the victim came at him with a gun. An empty starter's pistol, incapable of firing a bullet, but appearing to be a lethal weapon, was found in a pocket of the victim's pants.

tion to cause the defendant to act from "a sudden transport of passion or heat of blood."

Accepting the Commonwealth's evidence as warranting, but not compelling, a finding of provocation, we rule that other evidence warranted the jury in finding that the defendant acted with malice. The defendant walked twenty-five feet away from the victim, turned, and fired three shots at him. There were pauses between the shots, which suggests that the defendant was acting intentionally in firing at the victim. In further support of a finding of an intention to kill, and therefore malice, several months later the defendant said that he "did the dirt" and someone else was going to get everything. This evidence warranted a finding of malice and justified both the denial of the defendant's motion for a directed verdict and the denial of his motion for a new trial.

As we said at the commencement of this opinion, this is not a case where the interest of justice requires an order changing the verdict of the jury from murder in the second degree to manslaughter. The evidence was highly conflicting. The jury declined to accept the defendant's claim of self-defense. Unlike *Commonwealth* v. *Jones*, 366 Mass. 805, 809 (1975), the great weight of the evidence does not tend to establish that the killing was carried out without malice aforethought. See *Commonwealth* v. *Ravida*, 371 Mass. 243 (1976).

*Judgment affirmed.*