COMMONWEALTH *vs.* ARTHUR LOWE, JR. July 15, 1977. The defendant was convicted and sentenced in 1973 on four indictments charging assault with a dangerous weapon, robbery, assault with intent to murder, and assault and battery with a dangerous weapon. The case is before us on the defendant's bill of exceptions following the denial on October 10, 1975, of his motion for a new trial on all four indictments. The action to be taken on a motion for a new trial is usually a matter for the judge's sound discretion. *Commonwealth* v. *Swanson, ante,* 775 (1977). "If however the original trial was infected with prejudicial constitutional error the judge has no discretion to deny a new trial." *Earl* v. *Commonwealth,* 356 Mass. 181, 184 (1969). *Commonwealth* v. *Penrose,* 363 Mass. 677, 681 (1973). The defendant contends that he

856           5 Mass. App. Ct. 764

Rescript Opinions.

has been unconstitutionally deprived of due process because of the failure of the prosecution to disclose exculpatory information which it had in its possession at the time of trial, namely, that the gun used to shoot one of the victims had been found on the day of the robbery in the area of a staircase in a six-floor apartment building. He based his argument before the motion judge on *Brady* v. *Maryland,* 373 U. S. 83 (1963), and has based his argument before us mainly on *United States* v. *Agurs,* 427 U. S. 97 (1976), which modified the holding in *Brady.* The principles of the *Brady* and *Agurs* cases do not apply in the present situation, as the first information which might have indicated the materiality (see *Agurs, supra,* at 108-114) to the defense of the location where the gun was discovered did not come into the possession of the prosecution until sometime after the defendant's trial. As there was no violation of the defendant's constitutional rights, we are left to consider whether there was an abuse of discretion in the judge's denial of the motion, based (1) on the later discovered evidence, mentioned above, and (2) a posttrial statement made by one of the victims, which the defendant argues is inconsistent with that victim's testimony at trial. Our examination of the bill of exceptions convinces us that the denial of the motion was well within the sound discretion of the judge.

*Exceptions overruled.*

*Arthur D. Serota* for the defendant.

*Daniel E. O'Malley,* Assistant District Attorney, for the Commonwealth.