COMMONWEALTH *vs.* FRANK C. FARRO.

Suffolk.    March 14, 1978. — March 31, 1978.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Practice, Criminal,* Instructions to jury. *Evidence,* Presumptions and burden of proof.

At the trial of indictments charging armed robbery and entering a dwelling house while armed and assault therein with intent to commit a felony it was reversible error for the judge to instruct the jury that even if they disbelieved the evidence that there was a weapon, they could not find that there was no weapon unless there was some basis in evidence for drawing such an inference. [204]

INDICTMENTS found and returned in the Superior Court on July 11, 1974.

The cases were tried before *McLaughlin,* C.J.

A motion for a new trial was heard by *Donahue,* J.

*Edward F. Haber* for the defendant.

*Joseph S. Ayoub, Jr.,* Special Assistant District Attorney, for the Commonwealth.

GRANT, J. In November, 1975, the defendant was tried in the Superior Court on separate indictments charging him with violations of G. L. c. 265, §§ 17[1] and 18A.[2] The

---

[1] "Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be the subject of larceny shall be punished . . . ."

[2] "Whoever, being armed with a dangerous weapon, enters a dwelling house, and while therein assaults another with intent to commit a felony shall be punished . . . ."

defendant did not testify. During the course of their delib-
erations the jury sent in the following question: "Can the
defendant be found guilty of robbery and assault — and
not guilty of carrying a pistol?" Near the conclusion of
the trial judge's response to that question he said: "[Y]ou
apparently are disturbed about the presence or non-pres-
ence of a pistol. There is direct evidence here that there
was a pistol and a knife. You don't have to believe it. *But
you can't supply the additional fact that there was no
weapon unless you find some other sound basis in the
evidence which warrants you in drawing that inference*"
(emphasis supplied). The defendant's trial counsel took
no exception. The defendant was convicted and sentenced
on both indictments, and he did not seek appellate review
of either conviction.

In April, 1977, the defendant's present counsel filed a
motion for a new trial on both indictments on the ground
that the italicized portion of the above quoted instruction
had "improperly reversed the burden of proof, requiring
[the defendant] to produce evidence of his innocence." See
*In re Winship*, 397 U.S. 358, 364 (1970); *Mullaney* v. *Wil-
bur*, 421 U.S. 684, 701–702 (1975); *Hankerson* v. *North
Carolina*, 432 U.S. 233, 240–244 (1977); *Commonwealth* v.
*Rodriguez*, 370 Mass. 684, 687–689 (1976); *Common-
wealth* v. *Johnson*, 372 Mass. 185, 192 (1977); *Common-
wealth* v. *Greene*, 372 Mass. 517, 518–519 (1977); *Common-
wealth* v. *Stokes*, 374 Mass. 583, 590 (1978); *Common-
wealth* v. *Collins*, 374 Mass. 596, 599 (1978). The trial
judge having retired, the motion was heard by a different
judge, who read the trial transcript and ruled adversely
to the defendant on the question raised by the motion.
That question is now before us on the defendant's appeal
(G. L. c. 278, § § 33A–33G) from the order denying the
motion. *Commonwealth* v. *McGrath*, 361 Mass. 431, 435
n.2 (1972). *Commonwealth* v. *Thompson*, 362 Mass. 382,
384 n.2 (1972). *Commonwealth* v. *Flemmi*, 2 Mass. App.
Ct. 533, 535 (1974).

We have carefully reviewed the italicized instruction in light of the exemplary original charge and all the other instructions given the jury on the subject of the Commonwealth's burden of proving all the elements of the offences charged. See *Commonwealth* v. *Stokes*, 374 Mass. at 590-591, and cases cited. It is clear to us that the challenged instruction was unintentional. But a finding that the defendant had been armed with a dangerous weapon when he had entered the victim's apartment was essential to a conviction under G. L. c. 265, § 18A, and a finding that the defendant was so armed was essential to a conviction on so much of the indictment under G. L. c. 265, § 17, as alleged the commission of the aggravated offence of armed robbery. Virtually the last thing the jury heard was an instruction which, in effect, cast the burden on the defendant of proving that he had not been armed with a dangerous weapon. As counsel may have surmised from our remarks during the argument, we are unable to conclude that the error was not prejudicial to the rights of the defendant.

Accordingly, there must be a new trial on both indictments.

*So ordered.*