COMMONWEALTH *vs.* TERRY L. WILLIAMS. February 27, 1979. The only assignment of error now argued on appeal (see *Commonwealth* v. *Watkins*, 375 Mass. 472, 474 n.2 [1978]) does not warrant reversal of the judgment of conviction. 1. As the defendant neither requested the judge specifically to "instruct the jury that the Commonwealth had the burden of proving the absence of reasonable provocation or sudden combat in [his] manslaughter instruction," nor took an exception to the judge's failure to give such an instruction, appellate review of that assignment of error is now precluded. *Commonwealth* v. *Fluker*, 377 Mass. 123, 130-131 (1979), and cases cited. 2. Even though no exception was taken to the judge's charge (compare *Commonwealth* v. *Stokes*, 374 Mass. 583, 587-589 [1978]), we have reviewed the entire record, including the transcript and exhibits, to ascertain whether in the circumstances there is "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). There is none. *Commonwealth* v. *Bermudez*, 370 Mass. 438, 440 (1976). See *Commonwealth* v. *Johnson*, 372 Mass. 185, 193 (1977); *Commonwealth* v. *Greene*, 372 Mass. 517, 521 (1977). Contrast *Commonwealth* v. *Collins*, 374 Mass. 596, 599-600 (1978).

*Judgment affirmed.*

The case was submitted on briefs.
*Daniel E. Callahan* for the defendant.
*William J. Doyle*, Assistant District Attorney, & *John A. Mendlesohn*, Special Assistant District Attorney, for the Commonwealth.