COMMONWEALTH vs. PEDRO MUNOZ. March 7, 1979. The defendant appeals (c. 278, §§ 33A-33G) from his conviction by a Superior Court jury upon a complaint under G. L. c. 266, § 60, charging him with receiving stolen goods of a value in excess of $100. 1. We conclude that error in the judge's charge to the jury requires reversal of the defendant's conviction. Although the judge properly charged the jury on the Commonwealth's burden of proof in a criminal case, he incorrectly described the effect of introduction of evidence on the defendant's presumption of innocence when he stated that the defendant "wears the mantle of innocence . . . until evidence to the contrary is introduced which rebuts it, which throws it off his shoulders. *Then the burden of proof changes and it's his burden of proof to explain or otherwise show what's involved*" (emphasis supplied). Later in the

charge the judge stated that there is "no duty resting on the defendant . . . to prove or otherwise establish his innocence. *The burden to do that doesn't come up until evidence to the contrary has been introduced*" (emphasis supplied). The defendant's trial counsel took no exception to the charge. Nevertheless, we exercise our discretion to review the issue on appeal, as urged by the defendant's present counsel (see *Commonwealth* v. *Freeman*, 352 Mass. 556, 561, 563-564 [1967]; *Commonwealth* v. *Borges*, 2 Mass. App. Ct. 869, 870 [1974]), and hold that the italicized portion of the charge improperly shifted the burden of proof to the defendant in violation of his due process right to be protected against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). See *Mullaney* v. *Wilbur*, 421 U.S. 684, 701-704 (1975); *Commonwealth* v. *Kimball,* 24 Pick. 366, 373-374 (1837); *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 687-692 (1976); *Commonwealth* v. *Farro*, 6 Mass. App. Ct. 202, 203-204 (1978). We cannot conclude that the erroneous instruction, taken in context of the entire charge, was not prejudicial to the rights of the defendant inasmuch as it may have influenced the jury in their evaluation of the evidence. Accordingly, the defendant is entitled to a new trial. 2. The judge properly denied the defendant's motion for a directed verdict of not guilty. The evidence (viewed in the light most favorable to the Commonwealth) showed, as the defendant concedes in his brief, that various boxes of ladies' clothing (stipulated by counsel at trial as being the property of Filene's, Incorporated, and as having been stolen from a trucking company warehouse) were found in the apartment in which the defendant lived. The boxes, one of which contained a supplier's packing slip, were addressed to "Filene's." On this evidence the jury could find that the defendant was in possession of a portion of the stolen property identified in the complaint, knowing it to have been stolen. See *Commonwealth* v. *Sandler*, 368 Mass. 729, 740-742 (1975); *Commonwealth* v. *Obshatkin*, 2 Mass. App. Ct. 1, 2-3 (1974); *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 652-653 (1977). 3. The defendant also argues that he was denied the effective assistance of counsel at trial, in part because his counsel failed to file pretrial motions to suppress physical evidence and statements made by the defendant. In view of our order for a new trial, we deem it unnecessary to decide this and the remaining issues raised by the assignments of error. While we make no ruling on the merits of the issue regarding the motions to suppress, in the interests of justice the defendant is granted leave to file a motion to suppress to be heard in advance of any retrial. See Rule 61 of the Superior Court (1974); *Commonwealth* v. *Rodriguez*, 6 Mass. App. Ct. 738, app. B-1 at 746 (1978), and cases cited, further appellate review granted, 377 Mass. 919 (1979). Cf. *Commonwealth* v. *Clark*, 3 Mass. App. Ct. 481, 489 (1975). The judgment is reversed and the verdict set aside.

*So ordered.*

*John W. Marshall* for the defendant.

*Robert J. Schilling,* Special Assistant District Attorney, for the Commonwealth.