COMMONWEALTH vs. DONALD KELLEY (and three companion cases).[1] July 16, 1979. After their convictions of rape and kidnapping were affirmed on appeal, defendants' motions for further appellate review, petition for a writ of error, and motion for a new trial were all denied. This case is before us on the defendants' appeal from the denial of their motion for a new trial. Such motions are addressed to the sound discretion of the trial judge. *Commonwealth* v. *Gagne*, 367 Mass. 519, 526 (1975). *Commonwealth* v. *Nardi*, 6 Mass. App. Ct. 180, 184 (1978). "If however the original trial was infected with prejudicial constitutional error the judge has no discretion to deny a new trial." *Earl* v. *Commonwealth*, 356 Mass. 181, 184 (1969). *Commonwealth* v. *Lowe*, 5

---

[1] Of the companion cases, one is by the Commonwealth against Donald Kelley and two are against John Dolbeare.

Mass. App. Ct. 855 (1977). Here, there was no abuse of discretion in the denial of the defendants' motion and hence no error.

The defendants argue once again that an error of constitutional dimension occurred at their trial because of the use against Kelley, for impeachment purposes, of a prior conviction obtained when Kelley was not represented by counsel. That issue was originally considered by the trial judge. On appeal, this court held that "[t]he judge's finding that the defendant had been represented by counsel at the time of the conviction was warranted on the record before us." *Commonwealth* v. *Kelley*, 4 Mass. App. Ct. 867 (1976). The same issue was considered by a single justice of the Supreme Judicial Court in denying the defendants' petition for a writ of error. Donald Kelley and John Dolbeare *vs.* Commonwealth, Supreme Judicial Court for the county of Suffolk No. 77-214 (Civil 1977). On the motion for new trial, the court had before it both defendant Kelley's testimony that he had not been represented at the 1965 trial (his testimony to the contrary at the time of the present trial was attributed to confusion about the question he was answering) and a February 23, 1977, letter from the attorney who had filed an appearance in the 1965 trial, stating that he did not recall having represented Kelley. That letter, however, also noted that records of his work in 1965 had been destroyed in a fire. Under these circumstances, it cannot be said that the trial judge abused his discretion in denying the defendants' motion; the judge could properly rely on Kelley's trial testimony and the appearance filed by the attorney in concluding that Kelley had in fact been represented. *Commonwealth* v. *Barrett*, 3 Mass. App. Ct. 8, 9 n.2. (1975).

*Order denying motion for*
*new trial affirmed.*

The case was submitted on briefs.

*John Cavicchi* for the defendants.

*John Kiernan*, Assistant District Attorney (*Alice A. Hanlon*, Legal Assistant to the District Attorney, with him) for the Commonwealth.