COMMONWEALTH *vs.* JOSEPH PATTI (and a companion case[1]). July 31, 1980. The defendants were tried by a jury and convicted on charges that they "did . . . take a motor vehicle without the authority of the owner . . . and steal from said motor vehicle . . . parts and accessories." See G. L. c. 266, § 28. The defendants have asserted as error the judge's refusal to grant their motions for judgments of acquittal after guilty verdicts or, in the alternative, for new trials. We have examined the evidence and conclude that the judge did not err in his rulings.

1. The defendants, who are police officers, argue that the Commonwealth failed to produce evidence of ownership of the motor vehicle and its parts, thus precluding the jury from finding that the defendants had taken the motor vehicle without authority or stolen its tires. The evidence presented, viewed in its entirety and "in its light most favorable to the Commonwealth . . . [was] sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged." *Commonwealth* v. *Borans,* 379 Mass. 117, 134 (1979), quoting from *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975). See *Commonwealth* v. *Latimore,* 378 Mass. 671, 678 (1979); *Commonwealth* v. *Casale,* 381 Mass. 167, 168 (1980). The jury received evidence regarding ownership of the stolen vehicle from testimony of one Lawrence Salvucci, from the introduction of the police "Incident Report," which named the owner of the stolen vehicle, and from the transcript of the defendant Patti's radio communication with the Boston police department. The evidence warranted a conclusion that the defendants neither owned nor had authority to remove the tires from the stolen vehicle. There was evidence that the

---

[1] Commonwealth *vs.* Robert E. Stearns.

defendants instructed Salvucci, who was the owner-operator of a tow truck, to tow the vehicle to a secluded area several miles away, where Patti, with the assistance of Salvucci, removed the tires while the defendant Stearns looked on. Finally, there was evidence that the defendants gave instructions to Salvucci as to where the tires were to be placed so that they could be retrieved later for their own use.

The foregoing evidence, together with all reasonable inferences favorable to the Commonwealth which could be drawn therefrom by the jury, was sufficient to support the convictions of the defendants of the crime charged. There was no error in denying the defendants' motion under Mass.R.Crim.P. 25, 378 Mass. 896 (1979).

2. The motions for new trials were addressed to the sound discretion of the trial judge (*Commonwealth* v. *Hamilton*, 353 Mass. 746 [1967]; *Commonwealth* v. *Breen*, 357 Mass. 441, 448 [1970]; *Commonwealth* v. *Gagne* 367 Mass. 519, 526-527 [1975]) and raised no issue not discussed above.

*Judgments affirmed.*

*Order denying motions for a new trial affirmed.*

*Frank J. McGee* (*William B. Vernon* with him) for the defendants.
*Robert J. McKenna, Jr.,* Assistant District Attorney (*Jan Roller,* Special Assistant District Attorney, with him) for the Commonwealth.