COMMONWEALTH *vs.* AUGUSTUS MANUEL COSTA, JR. September 28, 1984. *Homicide.*

The defendant was indicted by a grand jury on September 16, 1982, which charged that he "did assault and beat one Norma Wood Bazigian, with intent to murder her, and by such assault and beating did kill and murder the said Norma Wood Bazigian." At the close of the Commonwealth's case and again after the defense rested, the defendant moved for a required finding of not guilty of murder in the first degree, of murder in the second degree, and of manslaughter. These motions were denied. On January 26, 1983, the jury returned a verdict of guilty of murder in the second degree. On February 1, 1983, the defendant filed motions for a required finding of not guilty of murder in the second degree and "for entry of 'a guilty finding on any lesser offense.'" These motions were also denied.

The defendant appeals from his conviction of second degree murder on the basis that there was insufficient evidence, as matter of law, to find the defendant guilty and therefore that his motion for a required finding of not guilty of that offense should have been allowed.

Murder in the second degree is the unlawful killing of another with malice aforethought. *Commonwealth* v. *Hicks*, 356 Mass. 442, 444-445 (1969). The malice required may be inferred from the intentional use of a dangerous weapon, *Commonwealth* v. *Gagne*, 367 Mass. 519, 522 (1975), such as a shod foot. See *Commonwealth* v. *Appleby*, 380 Mass. 296, 304 (1980); *Commonwealth* v. *Hodge (No. 2)*, 380 Mass. 858, 865 (1980).

The defendant challenges that portion of the jury's verdict which was necessarily based on inferences that the defendant's acts were not the result of chance or frailty of human nature and that the victim's death followed from the defendant's malicious acts.

Viewed in the light most favorable to the Commonwealth, there was ample evidence, including the defendant's own inculpating statements, which would warrant a rational jury in concluding beyond a reasonable doubt that the defendant was guilty of murder in the second degree. See *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979). Simply stated, the evidence that the victim's death was caused by multiple blunt trauma inflicted with deliberate force upon the victim's chest, abdomen, or back, together with the evidence that the defendant slapped the victim, wrestled with her and kicked her several times with his booted foot, was sufficient to permit a jury of ordinary intelligence and sagacity to infer the existence of all the elements of second degree murder beyond a reasonable doubt. *Commonwealth* v. *Kane,* 388 Mass. 128, 133-134 (1983). The inference drawn need only have been reasonable and possible, not necessary and inescapable. *Commonwealth* v. *Rojas,* 388 Mass. 626, 629-630 (1983). It was the function of the jury to resolve questions of fact by weighing the evidence and the credibility of the witnesses. *Commonwealth* v. *Parker,* 389 Mass. 27, 31 (1983).

*Judgment affirmed.*

*Donald D. Deren* for the defendant.
*Lucia C. Scannell,* Assistant District Attorney, for the Commonwealth.