COMMONWEALTH OF PENNSYLVA-
NIA ex rel. Albert RAYMOND,
Appellant,

v.

Alfred RUNDLE, Warden, Eastern State
Correctional Institution, Philadelphia,
Pennsylvania.

No. 15115.

United States Court of Appeals
Third Circuit.

Argued Dec. 11, 1964.

Decided Dec. 21, 1964.

Cecil B. Moore, Philadelphia, Pa., for appellant.

Thomas M. Reed, Asst. Dist. Atty., Philadelphia County, Philadelphia, Pa., Stanley M. Shingles, Asst. Dist. Atty., Joseph M. Smith, Asst. Dist. Atty., Chief, Appeals Div., F. Emmett Fitzpatrick, Jr., First Asst. Dist. Atty., James C. Crumlish, Jr., Dist. Atty., with him on the brief, for appellee.

Before MARIS, GANEY and SMITH, Circuit Judges.

PER CURIAM.

The relator, a prisoner in the Eastern State Correctional Institution at Philadelphia, appeals from the dismissal by the District Court for the Eastern District of Pennsylvania of his petition for a writ of habeas corpus. The petition was dismissed by the district court upon the ground that the relator had not exhausted his remedies in the state courts.

It appears that all of the questions which the relator now raises were raised in and fully considered and decided against the relator by the Court of Oyer and Terminer of Philadelphia County on the motions in arrest of judgment and for a new trial filed by the relator, who had been convicted in that court of murder in the first degree. All those questions were also raised in and fully considered and decided against the relator by the Supreme Court of Pennsylvania on the relator's appeal to that court, Commonwealth v. Raymond, 1963, 412 Pa. 194, 194 A.2d 150, cert. den. 377 U.S. 999, 84 S.Ct. 1930, 12 L.Ed.2d 1049. Nonetheless, the relator urges here that the Supreme Court of Pennsylvania did not have the benefit of certain decisions subsequently handed down by the Supreme Court of the United States which would have compelled decision in his favor on the issues raised as to the voluntariness of an alleged confession and as to the alleged denial of the full benefit of counsel.

We are satisfied that there is available to the relator in the state courts a procedure, a petition for a writ of habeas corpus, by which to raise the question whether these recent decisions compel a determination that the relator was denied constitutional rights. We think, morever, that a decent regard for the position and responsibilities of the state courts requires that they be afforded an opportunity to consider and decide these questions before the federal district court is called upon to do so. 28 U.S.C. § 2254; United States ex rel. Campbell v. Rundle, 3 Cir. 1964, 327 F.2d 153, 164. It follows that the district court rightly dismissed the relator's petition.

The order of the district court will be affirmed.