**Stillman E. WILBUR, Jr., Petitioner,**

**v.**

**Allan L. ROBBINS, Warden, Maine State Prison, and State of Maine, Respondents.**

Civ. No. 13–3.

United States District Court,
D. Maine, S. D.

Sept. 29, 1972.

Peter J. Rubin (C.J.A. appointment), Portland, Me., for petitioner.

Ferand LaRochelle, Peter W. Culley, Asst. Attys. Gen., Criminal Division, Augusta, Me., for respondents.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

After a jury trial in the Franklin County, Maine Superior Court, the petitioner, Stillman E. Wilbur, Jr., was convicted of the crime of murder in violation of 17 M.R.S.A. § 2651. He was sentenced to life imprisonment in the Maine State Prison and is presently in respondents' custody serving that sentence. On appeal, the Supreme Judicial Court of Maine affirmed his conviction. State v. Wilbur, 278 A.2d 139 (Me.1971). He has now filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq. In his present petition, petitioner contends that his conviction was obtained in violation of his federal constitutional rights on a number of grounds, only one of which raises a sufficiently substantial federal constitutional claim to justify further consideration by this Court. This is petitioner's contention that he was denied his Fourteenth Amendment right to due process of law by the trial judge's instructing the jury that if it were satisfied the State had proved beyond a reasonable doubt an intentional and unlawful killing, malice aforethought was "presumed" and the defendant would be guilty of murder, rather than manslaughter, unless he established, by a fair preponderance of the evidence, that he had killed in the heat of passion upon sudden provocation.

The single issue presented is whether in thus placing the burden on petitioner to show, even by a preponderance of the evidence, the absence of malice aforethought, the Court denied him due process of law under the rule of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L. Ed.2d 368 (1970). It is conceded that petitioner has exhausted his available state remedies with respect to this question as required by 28 U.S.C. § 2254(b), and the case has been submitted on the state court record. For the reasons which follow, the Court is persuaded

that In re Winship requires that petitioner's conviction be set aside.

At the trial, the State's evidence was that on January 30, 1966 one Claude Hebert was beaten to death by the defendant in Hebert's motel room. In the absence of any eyewitness, the State's case was based upon circumstantial evidence and the defendant's pretrial admissions that he had inflicted such severe injuries upon Hebert with his fists and a blunt instrument that Hebert had died within a few minutes. The defendant did not testify or offer any evidence. The theory of the defense was that, as asserted in the defendant's pretrial admissions, the defendant had killed Hebert in the heat of passion suddenly provoked by an indecent homosexual overture on the part of Hebert and that therefore he had not acted with malice aforethought and was guilty of manslaughter, not murder. The trial judge instructed the jury at length on the difference between murder and manslaughter. He then informed the jury of the State's burden to prove beyond a reasonable doubt that the defendant killed Hebert and that the killing was intentional and unlawful. He also informed the jury that malice aforethought was an "essential and indispensable" element of the crime of murder. Finally, quoting in part from the standard instruction on murder which has been given in this state for over one hundred years,[1] he

charged the jury as follows:

"In all cases where the unlawful killing is proved beyond a reasonable doubt, and where there is nothing in the circumstances of the case to explain, qualify or palliate the action, the law presumes it to have been done with malice aforethought. And if the accused, that is the defendant, would reduce the crime below the degree of murder, the burden is upon him to rebut the inference which the law raises from the act of killing, by evidence in defense." It is again, I must say,

that he must call witnesses to the stand in defense. But it means that from all the evidence in the case he must be able to satisfy you by a fair preponderance of the evidence that . . . although he killed, and although he killed unlawfully, if such is the case, he killed in the heat of passion upon sudden provocation, as I shall explain hereafter. And if such were your findings, then the respondent, the defendant, would be guilty of manslaughter. So, when the defendant has the burden of going forward with the evidence his burden is not that of proof beyond a reasonable doubt. His burden is only of proof by a fair preponderance of the evidence. By a fair preponderance of the evidence, we mean by the greater weight of the evidence, by evidence which is more satisfying and more convincing than the evidence that seems to bear the other side's point of view of the case. So, if the evidence—well, so if the unlawful killing was proved by the State beyond a reasonable doubt, and if there was nothing in the circumstances to explain anything palliating, then you'd find the defendant guilty of murder, because it would be presumed it would have been done with malice aforethought. However, if the defendant has satisfied you by a fair preponderance of the evidence introduced, that although he caused the death unlawfully of Claude Hebert, yet the act was done in the heat of passion upon sudden provocation, without malice aforethought, then you would find him guilty of manslaughter and not murder.

The trial judge's initial charge and two supplementary charges, given when the jury returned to ask for further instructions, included repeated references to the mandatory nature of the presumption of malice and the burden on the defendant to rebut the presumption in order to "reduce" the homicide from murder to manslaughter.

---

1. *See* note 4 *infra.*

In *Winship*, the Supreme Court held that proof of a criminal charge beyond a reasonable doubt is constitutionally required. The Court stated:

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *Id.* at 364, 90 S.Ct. at 1073.

The Maine court recognized the implications of *Winship*, but declined to apply it to the case on, it appears, two grounds. First, it saw "no occasion to anticipate" that *Winship* would be applied retrospectively. State v. Wilbur, *supra*, 278 A.2d at 146. Second, it felt that *Winship* would not be "so extended" as to reach the presumption of malice arising from an intentional and unlawful killing since "no burden is imposed upon defendant until the State has first convinced the jury beyond a reasonable doubt that defendant is guilty of a voluntary and intentional homicide," and the issue at that point "is no longer guilt or innocence of felonious homicide but rather the degree of the homicide." *Idem.*

�as to the first ground upon which the Maine court declined to apply *Winship*, the Supreme Court has since eliminated any doubt as to the retrospective application of *Winship*. In Ivan V. v. City of New York, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972) (decided six days after oral argument in this

case), the Court squarely held that *Winship* was to be given complete retroactive effect. As the law now stands, therefore, and as it applies to petitioner, his conviction for murder can be upheld only if "every fact necessary to constitute the crime with which he is charged" was proved beyond a reasonable doubt.[2]

▪▪ The second ground upon which the Maine court distinguished *Winship* was based upon its conclusion that the crime with which petitioner was charged was "felonious homicide," and that malice aforethought was not an essential ingredient of that crime, but merely determined the degree of the offense. The term "felonious homicide," however, has never appeared in the Maine criminal statutes. Under the Maine statutory scheme an unlawful killing may be either murder or manslaughter. The statutory definition of murder is:

> Whoever unlawfully kills a human being *with malice aforethought, either express or implied,* is guilty of murder and shall be punished by imprisonment for life. 17 M.R.S.A. § 2651. (Emphasis supplied.)

The statutory definition of manslaughter, insofar as presently relevant, is:

> Whoever unlawfully kills a human being in the heat of passion, on sudden provocation, *without express or implied malice aforethought,* . . . shall be punished by a fine of not more than $1,000 or imprisonment for not more than 20 years. . . . 17 M.R.S.A. § 2551. (Emphasis supplied.)

---

2. If the nonretroactivity of *Winship* were the sole basis for the Maine court's decision, this Court would be disposed to require petitioner to return to the Maine courts in order that they might be given an opportunity for reconsideration in the light of the subsequent Supreme Court decision. It is well settled that comity requires such action. Subilosky v. Massachusetts, 412 F.2d 691, 693–694 (1st Cir. 1969); Brown v. New Jersey, 395 F.2d 917 (3rd Cir. 1968); Blair v. California, 340 F.2d 741, 743–744 (9th Cir. 1965); Pennsylvania ex rel. Raymond v. Rundle,

339 F.2d 598 (3rd Cir. 1964). And this Court has done so on several recent occasions. *See, e. g.,* Gordon v. Robbins, Civil No. 13–127 (D.Me., Aug. 16, 1972). But since the Maine court has already held that, even if retroactive, *Winship* would not be applicable, it would be only repetitious to require petitioner again to present the issue to the state courts. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). *See generally* Note, Developments in the Law—Federal Habeas Corpus, 83 Harv. L.Rev. 1038, 1093–1103 (1970).

The Maine statutes thus define two separate and distinct crimes of murder and manslaughter, each with its own elements and sentence. Malice aforethought is made the distinguishing element of the offense of murder, and it is expressly excluded as an element of the offense of manslaughter. For a person to be guilty of murder, malice aforethought, either express or implied, must be found. State v. Merry, 136 Me. 243, 247 (1939)[3]. It is undeniably an essential element of the crime of murder and as such, under the rule of In re Winship, must be proved by the prosecution beyond a reasonable doubt.

The Maine court also sought to justify the presumption of malice as reflecting "the public interest in the administration of justice" and as recognizing "the practical impossibility in a vast number of cases of meeting a mere suggestion of sudden provocation and heat of passion by negating proof beyond a reasonable doubt." State v. Wilbur, *supra*, 278 A.2d at 145[4]. But the Supreme Court has made clear the limited circumstances in which a presumption in a criminal case can pass constitutional muster. It has specifically rejected the comparative convenience of producing evidence as sufficient to validate a presumption. Tot v. United States, 319 U.S. 463, 467, 469–470, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). At a minimum, there must be a "rational connection between the fact proved and the ultimate fact presumed." *Id.* at 467, 63 S.Ct. at 1245. A criminal presumption is "irrational" or "arbitrary," and therefore unconstitutional, "unless it can at least be said with substantial assurance that the presumed fact is *more likely than not* to flow from the proved fact on which it is made to depend." Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969) (emphasis supplied). In addition, the Supreme Court has strongly implied, even prior to *Winship*, that a criminal presumption must "also satisfy the criminal 'reasonable doubt' standard if proof of the crime charged or an essential element thereof depends upon its use." *Id.* at 36, n. 64, 89 S.Ct. at 1548; Turner v. United States, 396 U.S. 398, 416, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). But whether the proper test is the "more likely than not" standard or that of "reasonable doubt," it is not satisfied by the presumption of malice in the present case. It surely cannot be said with sub-

---

3. "[I]n murder, malice aforethought must exist, and as any other elemental fact, be established, not beyond all possible doubt, but beyond a reasonable doubt . . . .".

4. It is unquestionably true that the "presumption of malice" from an intentional killing dates back to at least the sixteenth century. *See* Moreland, Law of Homicide 20–23 (1952). As the Maine court observed, it has existed in the law of Maine, apparently without challenge, for well over one hundred years. *See, e. g.,* State v. Knight, 43 Me. 11, 35, 137 (1857); Brine v. State, 264 A.2d 530, 534 (Me. 1970). *But see* State v. McCarthy, 256 A.2d 660, 663 (Me.1969). Today, however, most jurisdictions regard the "presumption of malice" as really an "inference" rather than a "presumption," so that the jury may, but need not, conclude that malice is present in the absence of evidence to the contrary. *See, e. g.,* Belton v. United States, 127 U.S.App. D.C. 201, 382 F.2d 150, 154 (1967); People v. Morrin, 31 Mich.App. 301, 187 N.W.2d 434 (1971); Commonwealth v. O'Neal, 441 Pa. 17, 271 A.2d 497 (1970); LaFave & Scott, Criminal Law 539 (1972). Furthermore, as the Maine court conceded, State v. Wilbur, *supra*, 278 A.2d at 146, in most jurisdictions the defendant need do no more than merely raise the issue of lack of malice in order to create a reasonable doubt in the jury's mind. LaFave & Scott, *supra* at 539–540. Indeed, the Maine court has recognized the distinction between a mandatory presumption and a permissive inference in closely analogous cases. State v. Collamore, 287 A.2d 123, 124–125 (Me.1972); State v. Poulin, 277 A.2d 493, 498 (Me. 1971). The difficulty in the present case is that the presumption of malice upon which the trial judge charged the jury, and which was approved by the Maine court, was a mandatory presumption which required the jury to find malice unless the defendant proved the absence of malice by a preponderance of the evidence.

stantial assurance, and it certainly cannot be said beyond a reasonable doubt, that malice accompanies intentional killings in more cases than not. *Cf.* State v. Cuevas, 488 P.2d 322 (Hawaii 1971).

 There remains for consideration the question of whether the trial judge's instruction constituted "harmless error" under the doctrine of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In *Chapman,* the Supreme Court held that "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." *Id.* at 22, 87 S.Ct. at 827. But *Chapman* also laid down the rule that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.* at 24, 87 S.Ct. at 828. This Court has carefully reviewed the entire charge. Although the charge included the usual instruction regarding the burden upon the state to prove the guilt of the defendant beyond a reasonable doubt, the trial judge repeatedly and explicitly instructed the jury on the mandatory nature of the presumption of malice and the burden on the defendant to rebut that presumption by a preponderance of the evidence. On this record, this Court is unable to say that the error was harmless beyond a reasonable doubt.

For the reasons stated, this Court holds that petitioner's conviction was obtained in violation of his Fourteenth Amendment right to due process of law. Accordingly, the judgment of conviction and sentence imposed upon petitioner by the Franklin County Superior Court is vacated, and the matter is remanded to that court to afford the State an opportunity to grant petitioner a new trial.

In the event of the failure of the State to grant petitioner such relief within 60 days from the date hereof, the writ will be sustained and petitioner ordered discharged from custody.

The Clerk will enter an appropriate order in accordance with the foregoing, which order will also provide that this Court will retain jurisdiction of the present petition for the entry of such further orders as may be necessary or appropriate.[5]

5. Petitioner has been ably represented throughout these proceedings by court-appointed counsel, Peter J. Rubin, Esquire, of the firm of Bernstein, Shur, Sawyer and Nelson, Portland, Maine.

Mr. Rubin's service has been in the highest tradition of the bar. His conscientious efforts on behalf of petitioner have greatly assisted the Court.