## RICHARD JOSEPH GAGNE vs. COMMONWEALTH.

Suffolk. March 7, 1978. — June 19, 1978.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Homicide. Malice. Self-Defense. Practice, Criminal,* Charge to jury. *Evidence,* Presumptions and burden of proof.

Where a murder trial was held prior to the decision of the United States Supreme Court in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), the defendant's failure to request instructions concerning either malice or the burden of proof on the issue of self-defense, and his failure to object to the charge in those respects, did not preclude appellate review of his constitutional claims. [418-420]

An instruction to the jury at a murder trial that malice could be inferred from the intentional use of a deadly weapon did not, in the context of the entire charge, impermissibly place on the defendant the burden of proof respecting malice and justification. [420-423]

There was no merit to the defendant's contention that the testimony of a witness at a murder trial was inherently incredible and that because that testimony related to malice and contradicted the defendant's explanation of events, he was denied a fair trial. [423]

A defendant convicted of murder in the second degree was not denied due process of law by the fact that this court, in its opinion affirming his conviction, misstated certain facts. [423]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on February 18, 1977.

The case was reserved and reported by *Braucher,* J.

*William K. Danaher, Jr.,* for the plaintiff.

*John T. McDonough,* Special Assistant District Attorney, for the Commonwealth.

WILKINS, J. In February, 1973, the petitioner (Gagne) was convicted of murder in the second degree. We affirmed the conviction in April, 1975. *Commonwealth* v. *Gagne,* 367 Mass. 519 (1975). Gagne then sought habeas corpus relief in the United States District Court for the District of Massachusetts, where his principal contention was that he

was denied due process of law as guaranteed by the Four-
teenth Amendment to the United States Constitution be-
cause the trial judge failed to require the Commonwealth to
prove malice beyond a reasonable doubt. He relied on
*Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), decided on June
9, 1975, whose pendency before the United States Supreme
Court we noted in *Commonwealth* v. *Gagne, supra* at
523-524 n.2.

A Federal District Court judge denied Gagne's petition
for a writ of habeas corpus, but he did not reach the merits
because he concluded that Gagne had not exhausted his
State remedies. *Gagne* v. *Meacham*, 423 F. Supp. 1177,
1181 (D. Mass. 1976). The Federal judge concluded that
this court should be given an opportunity to consider
Gagne's contentions in light of both *Mullaney* v. *Wilbur*
and *Commonwealth* v. *Rodriguez*, 370 Mass. 684 (1976), in
which we made clear that in the trial of an indictment for
murder, where there is some evidence of self-defense, the
Commonwealth has the burden of proving beyond a reason-
able doubt that the defendant did not act in self-defense. *Id*.
at 688-689.

Gagne filed this petition for a writ of error in February,
1977, and a single justice of this court reserved and reported
the case for our decision. We conclude that the judgment
should be affirmed.

The emphasis of Gagne's challenge to his conviction has
changed somewhat since we considered his appeal in 1975.
In response to *Mullaney* v. *Wilbur*, Gagne focuses on the
judge's charge and claims that the judge placed the burden
on him to disprove malice arising from his use of a deadly
weapon. Since our decision in *Commonwealth* v. *Gagne,
supra*, on several occasions we have considered the applica-
tion of the principles of *Mullaney* v. *Wilbur*.

In *Commonwealth* v. *Rodriguez, supra* at 687-688, noted
by the Federal judge (*Gagne* v. *Meacham*, 423 F. Supp. at
1181 n.2), we held that, "when the issue of self-defense is
properly before the trier of fact, the Commonwealth must,
as matter of due process, prove beyond a reasonable doubt

that the defendant did not act in self-defense" (footnote omitted). In that case, we considered the charge as a whole and determined that the judge should have given a requested instruction placing the burden of proving the absence of self-defense on the Commonwealth, and that the charge otherwise was likely to have suggested to the jury "that the defendant had an affirmative burden to prove self-defense." *Id.* at 691 . We concluded by saying that, when a timely request is made in any trial after the date of our decision, an instruction must be given that the Commonwealth bears the burden on the self-defense issue, where the evidence sufficiently raises that issue. *Id.* at 691-692. We did not decide whether there might be circumstances where such a charge must be given even in the absence of a request. *Id.* at 692 n.9.

The propriety of the failure of a trial judge to charge the jury concerning the Commonwealth's burden of proof on self-defense, reasonable provocation, and excessive force came before us in *Commonwealth* v. *Stokes,* 374 Mass. 583 (1978). The trial of the *Stokes* case took place before the Supreme Court's decisions in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), and in *Hankerson* v. *North Carolina,* 432 U.S. 233 (1977) (giving complete retroactive effect to *Mullaney* v. *Wilbur*), our decision in *Commonwealth* v. *Rodriguez, supra,* and our decisions in *Commonwealth* v. *Johnson,* 372 Mass. 185, 192 (1977), and *Commonwealth* v. *Greene,* 372 Mass. 517, 519 (1977) (Commonwealth has the burden of disproving provocation where it is an issue). In our *Stokes* opinion, we concluded that we should review the constitutional sufficiency of the judge's charge even in the absence of a request for an instruction on the burden of proof. The same circumstance exists here. Gagne did not request instructions concerning either malice or the burden of proof on the issue of self-defense, nor did he object to the charge in these respects.[1] We proceed, as we did in the *Stokes* case,

---

[1] Gagne did raise the issues in his motion for a new trial. The judge denied the motion for a new trial but allowed a request for a ruling that the burden was on "the Commonwealth to prove beyond a reasonable doubt that the Defendant did not act in self-defense and that the homicide was not justified."

to determine whether the judge's charge denied Gagne's constitutional rights. As we said in the *Stokes* opinion, "the charge to the jury must be examined in its entirety to determine whether the constitutional requirements have been met." *Id.* at 590-591.[2]

Gagne argues that the judge instructed the jury that malice was presumed from Gagne's conduct, thus shifting to him the burden of overcoming that presumption. Such a shift of the burden of persuasion would be constitutionally impermissible. *Hankerson* v. *North Carolina*, 432 U.S. 233 (1977). *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). See *Commonwealth* v. *Collins*, 374 Mass. 596, 600 n.2 (1978). Gagne claims that the charge given here is similar to the charge considered in the *Mullaney* case as recited in *Wilbur* v. *Robbins*, 349 F. Supp. 149, 151 (D. Me. 1972). The charge considered in *Mullaney* v. *Wilbur*, however, expressly placed on the defendant the burden "to rebut the inference which the law raises from the act of killing." *Wilbur* v. *Robbins, supra.* The defendant there had to satisfy the jury "by a fair preponderance of the evidence that . . . he killed in the heat of passion upon sudden provocation." *Id.*[3]

---

[2] We indicated that as to trials occurring after the *Mullaney* decision, and particularly after our *Rodriguez* decision, we would bring "greater expectations, and consequently more careful scrutiny" to charges on the issues of self-defense and reasonable provocation. Thus, on the same day as the *Stokes* decision, we reversed a conviction where, in a trial occurring after the *Mullaney* decision, but before our *Rodriguez* decision, the judge refused to give a requested instruction placing the burden of proof concerning reasonable provocation on the Commonwealth. *Commonwealth* v. *Collins*, 374 Mass. 596 (1978). As will be noted subsequently, the charge in the *Collins* case, in any event, was misleading in a way in which the charge in this case was not.

[3] Current requirements of due process in the placing of burdens of proof in State criminal trials are at best only subtly discernible. Seemingly, a majority of the Justices of the Supreme Court of the United States would find nothing wrong if the Legislature were to eliminate malice as an element of the crime of murder and were to place on the defendant the burden of proving, as an affirmative defense, for example, that he acted in the heat of passion so as to justify a manslaughter verdict. See *Patterson* v. *New York*, 432 U.S. 197 (1977). The *Patterson* case appears to undercut any broad application of due process principles expressed in *Mullaney* v.

In this case, on the other hand, nowhere in the charge does the judge expressly place any burden on Gagne to rebut any inference or any presumption, to disprove malice, or to prove justification, excuse, or mitigation. Nor do we see any such burdens placed on Gagne by inference. The judge did not tell the jury that Gagne had the burden to prove or to disprove anything. Repeatedly, the judge defined malice in a variety of words which indicated that malice could be proved only if Gagne's conduct was unaccompanied by "legal justification or excuse or extenuation," was "without mitigation or excuse," or was "without justification, excuse or extenuation." Repeatedly, he also instructed the jury that the burden was on the Commonwealth to prove beyond a reasonable doubt every essential element of the crime charged. One of the essential elements of murder, as he instructed the jury, is malice. As he defined malice as an element of murder, the Commonwealth had the burden of proving beyond a reasonable doubt that Gagne's killing of the victim was intentional and without justification, excuse, or mitigation.

We view the judge's charge in this respect, examined in its entirety, as falling within language in our *Stokes* opinion describing a constitutionally acceptable charge. "For example, a jury charge might well be constitutionally sufficient which clearly placed the burden of proving malice beyond a reasonable doubt on the Commonwealth and contained other discussion which, although not referring to the burden of proof as to self-defense and reasonable provocation, adequately defined those factors and established them as negating a finding of malice." *Commonwealth* v. *Stokes, supra* at 591.

---

*Wilbur,* and arguably may leave *Mullaney* v. *Wilbur* as representing merely a constitutional instruction concerning the drafting of criminal statutes and the definition of common law crimes. See *Patterson* v. *New York, supra* at 221-225, where Mr. Justice Powell, the author of *Mullaney* v. *Wilbur,* dissented and criticised as formalistic the distinction between the two cases. See also *Farrell* v. *Czarnetzky,* 566 F.2d 381, 382-384 (2d Cir. 1977) (Oakes, J., concurring).

In this case, there are no extenuating and potentially misleading instructions such as we have seen in other cases. The self-defense language in the charge in *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 690 (1976), is significantly different from that in the charge in this case. The *Rodriguez* charge referred to the defendant as having sought "to justify his action" and to the jury's possible finding that Rodriguez acted in self-defense. In the *Stokes* case, the judge discussed the evidence tending to mitigate a finding of malice, asking whether the evidence was enough to justify a provocation or the use of a deadly weapon. *Id.* at 592, n.5. In the *Collins* case, the judge referred to evidence "'from which *the defendant seeks to establish that he, if he committed this killing, had justification* — and *he states that in terms of what we call self-defense'*" (emphasis in original). *Commonwealth* v. *Collins*, 374 Mass. 596, 600 (1978).

We decline to depart from what we have said concerning the proper treatment of the inference of malice which may be, but need not be, drawn from evidence of the intentional use of a dangerous weapon. *Commonwealth* v. *McInerney*, 373 Mass. 136, 147-151 (1977). *Commonwealth* v. *Gagne*, 367 Mass. 519, 522-524 (1975). We have departed of necessity, but as early as *Commonwealth* v. *Gagne*, from the suggestion that a defendant has a burden to rebut an inference of malice which may arise from the use of a deadly weapon. We see no constitutional impediment, however, to a jury instruction that an inference of malice may be drawn from the fact that a defendant used such a weapon, provided the jury are instructed that the Commonwealth has the burden of proving malice, as properly defined, beyond a reasonable doubt.

It is a common and expected function of triers of fact to draw reasonable inferences from established facts, and it is proper for judges so to instruct jurors. A judge does not violate constitutional principles of due process by advising the jury that, if they think it reasonable, they may infer the existence of malice from the fact, proved beyond a reasonable doubt, that a defendant shot the victim, stabbed him,

or otherwise harmed him with a deadly weapon. The judge's charge in this case, read fairly in its entirety, did no more than this. See *Commonwealth* v. *Peters*, 372 Mass. 319, 324-325 (1977).

Gagne argues next that the testimony of one witness, William R. Roberts, was inherently incredible and that, because that evidence related to malice and contradicted Gagne's explanation of the shooting, he was denied a fair trial. Roberts's credibility was for the jury, and his testimony was not inherently incredible. We need not consider the consequences if that testimony had been inherently incredible.

Finally, Gagne argues that he was denied due process of law because this court misstated certain facts in its opinion in *Commonwealth* v. *Gagne, supra* at 526-527. The issue arises in the context of our previous consideration of the question whether, in denying Gagne's motion for a new trial, the judge abused his discretion by declining to order a new trial on the ground that the verdict was against the weight of the evidence. *Id.* at 526. We concluded that there was no abuse of discretion and that there was sufficient evidence to support the verdict, but the opinion misstated two facts. We said that Gagne shot the victim twice and that Gagne had been carrying a gun "for only a few days." *Id.* at 527. The facts are that, although Gagne shot twice, the victim was apparently struck only once, and it was the victim, not Gagne, who had carried a gun for only a few days. These misstatements do not affect our conclusion and do not constitute a denial of due process of law. The evidence warranted Gagne's conviction, and the trial judge did not abuse his discretion in denying the motion for a new trial.

*Judgment affirmed.*