**Richard Joseph GAGNE, Petitioner, Appellant,**

v.

**Larry R. MEACHUM, Respondent, Appellee.**

**No. 79–1023.**

United States Court of Appeals, First Circuit.

Argued May 10, 1979.

Decided July 31, 1979.

William K. Danaher, Jr., Springfield, Mass., for petitioner, appellant.

John T. McDonough, Asst. Dist. Atty., Springfield, Mass., with whom Matthew J. Ryan, Jr., Dist. Atty., Hampden County, was on brief, for respondent, appellee.

Before CAMPBELL and BOWNES, Circuit Judges, and DEVINE,* District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Richard J. Gagne, who is a Massachusetts state prisoner serving a life sentence for second degree murder, seeks a writ of habe-

---

* Of the District of New Hampshire, sitting by designation.

as corpus. We deny petitioner's request for many of the same reasons given by the court below, *Gagne v. Meachum,* 460 F.Supp. 1213 (D.Mass.1978).

Gagne was tried and convicted before a Massachusetts Superior Court judge and jury in February 1973, admittedly having shot and killed one Robert Kowalski in Gagne's Pharmacy in Holyoke on October 29, 1969. Gagne's explanation was that he discovered an intruder in the pharmacy after it had been closed for the night; that the intruder ran toward the door, turned and pointed a gun at him; and that he then shot at the intruder twice in self-defense. One shot hit Kowalski in the back and killed him; only later, according to Gagne, did he realize that he knew the victim. The Commonwealth's theory was that Gagne and Kowalski had met by arrangement at the pharmacy, that something had gone wrong, and that Gagne had shot the deceased. In support, it offered evidence of inconsistencies between Gagne's statement to the police and his trial testimony, of Gagne's unsuccessful efforts to help Kowalski with some problems that he was having with Provincetown authorities concerning his work as a pharmacist there, of a passing motorist having seen Gagne conversing in the pharmacy with someone of the deceased's description, and of the fact that the deceased was shot in the back. The facts, as well as the lengthy procedural history of the case, appear in greater detail in the district court's opinion, *supra,* as well as in two prior opinions of the Massachusetts Supreme Judicial Court, *Gagne v. Commonwealth,* —— Mass. ——, 377 N.E.2d 919 (1978), and *Commonwealth v. Gagne,* 367 Mass. 519, 326 N.E.2d 907 (1975).

Gagne's petition is based on the allegation that the state trial judge unconstitutionally shifted to him the burden of proving that he acted in self-defense or under provocation, in violation of the principle laid down in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), which was given full retroactive effect in *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977).[1] Like the district court, however, we do not believe that the charge shifted to Gagne the burden of proof on the element of malice.

The Supreme Court held in *Mullaney* that an instruction that a Maine defendant was required to prove "by a fair preponderance . . . that he acted in the heat of passion on sudden provocation" in order to reduce a homicide to manslaughter, 421 U.S. at 686, 95 S.Ct. at 1883, violated the defendant's right to have the requisite degree of malice, as an element of the offense, proven beyond a reasonable doubt by the state.[2] *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). At Gagne's trial, by contrast, the judge at no time stated that there was any burden on the defendant, nor was there any generally accepted state rule that required a defendant to prove self-defense. The judge stated, with significant repetition, that it was the Commonwealth's burden to prove each element of the offense beyond a reasonable doubt, that malice was an element of murder, that the Commonwealth had to prove

**1.** Gagne failed to object to the instruction on these grounds, but the Massachusetts Supreme Judicial Court has held that the possibility of review was not lost. *Gagne v. Commonwealth,* —— Mass. ——, 377 N.E.2d 919, 921 (1978); *Commonwealth v. Stokes,* —— Mass. ——, 374 N.E.2d 87 (1978).

**2.** While *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881 (1975), involved only the defense of provocation, and the Supreme Court has not actually decided whether a state may treat self-defense as an affirmative defense that it need not negative beyond a reasonable doubt, *compare Hankerson v. North Carolina,* 432 U.S. 233, 240 n. 6, 97 S.Ct. 2339, 53 L.Ed.2d 306

(1977) with *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (provocation may be treated as affirmative defense for defendant to prove by preponderance), respondents do not claim that self-defense in Massachusetts is not subject to the requirements of *Mullaney.* In 1978, several years after the present case was tried, the Massachusetts Supreme Judicial Court expressly ruled that the absence of self-defense was required to be proven beyond a reasonable doubt by the prosecution, *Commonwealth v. Stokes,* —— Mass. ——, 374 N.E.2d 87, 93. The Maine courts had so held even prior to *Mullaney, see Mullaney,* 421 U.S. at 702, 95 S.Ct. 1881.

malice, and that a killing was done with malice if it was done intentionally and "without justification, excuse or extenuation." The judge also defined adequate provocation and self-defense, and stated that a homicide "may . . . be justified and hence lawful if done in self-defense." The instruction given conveyed that the Commonwealth had to prove malice beyond a reasonable doubt, and malice was defined to include the concept that Gagne had acted without justification—i.e., not in self-defense. The charge, read as a whole, *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), did not shift the burden of proof to defendant.

To be sure, the court did not tell the jury explicitly that the Commonwealth had to prove absence of self-defense. It was not asked to give such an instruction but, in any event, we do not perceive the natural import of the charge as indicating that the Commonwealth did not have this burden. Petitioner would have us require not only that the burden not be shifted expressly or by implication to a defendant, but that he be deemed entitled, without request and as a matter of constitutional law, to an explanatory statement negativing any possible misapprehension on the part of jurors. We think petitioner asks too much.[3]

Implicit in our conclusion is our agreement with the district court that the charge did not raise an impermissible presumption of malice, and thus did not lessen the state's burden of proving malice beyond a reasonable doubt. Gagne objects to the state court's statements that "malice is implied in every deliberately proven act against another" and that, "When the fact of malice is shown there is nothing to rebut the natural

presumption of malice[,] for the rational probability is that a man of sound mind intends the probable and natural consequences of his act."[4] These statements must be read in the context of the judge's repeated assertions that murder "is the killing of a human being without legal justification or excuse and without . . . extenuating circumstances," and that a homicide is malicious, and therefore murder, if done "intentionally, *that is* without mitigation or excuse." (Emphasis added.) The court consistently equated a malicious killing amounting to murder with absence of mitigation, excuse or justification, having initially stated that a homicide in self-defense was both justified and lawful. Its single remark concerning the "natural presumption of malice"—i.e., "the rational probability . . . that a man of sound mind intends the probable and natural consequences of his act"—was not set out as a legal presumption for the defendant to rebut, nor did it affect the issue of self-defense. *Cf. Sandstrom v. Montana*, —— U.S. ——, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (disapproving instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts"). Rather the court said that *"When the fact of malice is shown,"* i.e., when a homicide is shown to have been done intentionally, without justification or excuse, "there is nothing to rebut the natural presumption." (Emphasis added.) As the district court, 460 F.Supp. at 1219–20, and the Massachusetts Supreme Judicial Court, 377 N.E.2d at 921–23, both found, this simply allowed the jury to make a reasonable inference of malice if it concluded that Gagne had acted intentionally and without justification or mitigation, *i.e.,* intentionally and, for

---

**3.** We reject Gagne's objection to the Massachusetts rule that, although *Mullaney* is retroactive, only instructions given after the Massachusetts Supreme Judicial Court's decision in *Commonwealth v. Rodriguez*, 370 Mass. 684, 352 N.E.2d 203 (1976), must contain instructions that the Commonwealth must prove absence of self-defense; this is not inconsistent with the constitutional standard of *Mullaney*, which disapproved an instruction explicitly placing the burden of proving provocation on

the defendant. We do not think that *Mullaney* requires a new trial in every pre-*Mullaney* case in which the jury was not told explicitly that the state had to prove absence of self-defense beyond a reasonable doubt.

**4.** In fairness to the state court, these statements in present form read as if somewhat garbled in transcription. We proceed on the assumption, however, that what appears in the official transcript is correct verbatim.

present purposes, not in self-defense.[5] We cannot accept Gagne's position, that the instruction conveyed "that the law *itself* raises the inference of malice."[6] It was clear that malice was an element for the Commonwealth to prove beyond a reasonable doubt.

*The judgment of the district court denying the writ of habeas corpus is affirmed.*

---

**5.** The Supreme Judicial Court has said that the inference of malice in Massachusetts is merely an inference that the jury can freely disregard. *Gagne v. Commonwealth,* —— Mass. ——, 377 N.E.2d 919, 922–23 (1978).

**6.** Gagne's efforts to equate the charge given in his case with that given in *Commonwealth v. York,* 9 Met. 93 (1845), and disapproved in *Mullaney,* 421 U.S. at 694–95, 95 S.Ct. 1881, is misplaced. There the instruction was that when the fact of killing was proved, malice was presumed as a matter of law unless the defendant proved by a preponderance the facts of excuse or extenuation. *See id.*