COMMONWEALTH *vs.* RANDOLPH A. THOMAS. March 18, 1980. The defendant appeals from his conviction on an indictment charging murder in the second degree. 1. There was evidence that the victim and the defendant engaged in an argument at the doorway to the roof of the defendant's apartment building; that the victim and two girlfriends then walked downstairs and left the building; that the defendant went into his apartment, took a knife, and followed the victim and the girls downstairs; that the defendant and the victim engaged in further argument on the sidewalk just outside the door to the apartment house; that there was a brief exchange of blows; that both fell to the pavement, with the victim on the bottom and the defendant on top; that the defendant then stabbed the victim once in the chest; that the defendant rose, the victim ran away, and the defendant called after him, "Run, mother fucker, run. That's right. You don't mess with us Thomases because Thomases don't play." From this evidence the jury could infer that the deadly blow was struck intentionally; and they could infer malice not only from the intentional use of a deadly weapon, *Gagne* v. *Commonwealth*, 375 Mass. 417, 422 (1978), but from the defendant's arming himself, his pursuit of the victim, and the words he called after the fleeing victim. There was no error in denying the various motions for directed verdicts. 2. There was no error in denying the motion for a new trial, which was based largely on a view of the evidence that the jury obviously rejected. 3. Because the indictment charged murder in the second degree, this was not a capital case within the meaning of G. L. c. 278, § 33E, either before or after the amendment to that section appearing in St. 1979, c. 346, § 2. See *Commonwealth* v. *Davis*, 380 Mass. 1, 13-17 (1980).

*Judgment affirmed.*

*Reuben S. Dawkins* for the defendant.
*Daniel C. Mullane*, Assistant District Attorney (*Brian J. K. Dobie*, Special Assistant District Attorney, with him) for the Commonwealth.